IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KENNETH BRENT BARTON<br>Plaintiff<br><br>vs.<br><br>BILL YOUNG, former City of Tyler Police Chief; KEN FINDLEY, former Assistant City of Tyler Police Chief; GREG GRIGG, Captain, City of Tyler Police Officer; CLAYTON PERRETT, Detective, City of Tyler Police Officer; JOHN BROWN, Sergeant, City of Tyler Police Officer; and CITY OF TYLER<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>CIVIL ACTION NO. 6:01cv157<br><br>JUDGE WARD |

## DEFENDANT CITY OF TYLER'S
## RULE 12(b)(6) MOTION TO DISMISS

TO THE HONORABLE COURT:

COMES NOW, CITY OF TYLER (the "City"), one of the defendants in the above action, and files this Motion to Dismiss Plaintiff's First Amended Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in support thereof would show as follows:

### I. FACTUAL BACKGROUND

The Plaintiff brings this case pursuant to 42 U.S.C. § 1983 claiming that he was wrongfully arrested and imprisoned in violation of his constitutional rights and that such arrest and imprisonment was the result of a conspiracy on the part of the Defendants in violation of 42 U.S.C. § 1985.

### II. STANDARD FOR DISMISSAL



A complaint should be dismissed for failure to state a claim when it appears beyond

doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983). However, the facts pled must be specific, not merely conclusory. *Elliott v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985). Conclusory allegations and unwarranted deductions of fact will not be accepted as true by a court deciding a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

## III. MUNICIPAL LIABILITY

A municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Languirand v. Hayden*, 717 F.2d 220, 223 (5th Cir. 1983). In order to hold a municipality liable under § 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom[1] "was a cause in fact of the deprivation of rights inflicted." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). To satisfy the cause in fact requirement, a plaintiff must allege that "the custom or policy served as the moving force behind the [constitutional] violation" at issue, *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 523 (5th Cir. 1996), or that his injuries resulted from the execution of the official policy or custom, *Fraire v. Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992). The description of a policy or custom and its relationship to the underlying constitutional violation, moreover,

---

[1] Municipal liability can be based on the existence of a persistent, widespread practice which, although not officially promulgated, is "so common and well settled as to constitute a custom that fairly represents municipal policy." *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc).

cannot be conclusory; it must contain specific facts. *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire*, 957 F.2d at 1278).

In *Spiller*, the Fifth Circuit held that a plaintiff's allegation that the defendant city had a policy of "engaging in conduct toward African American citizens without regard to probable cause to arrest" was both vague and conclusory and therefore insufficient to state a claim. *Id.* In this case, the Plaintiff alleges several policies on the part of the City that allegedly resulted in his arrest. However, the policies alleged are in fact conclusory and each can be summed up as a slight variation of the Plaintiff's general and vague allegation that the City has a policy of arresting people without probable cause. For that reason alone, Plaintiff's complaint should be dismissed for failure to state a claim.

The Plaintiff's policy allegations are not only too vague and conclusory, they wholly ignore the fact that the Plaintiff was arrested pursuant to a facially valid arrest warrant. Because a warrant issued by a magistrate insulates the arresting officer from liability unless he deliberately misled the magistrate or knowingly withheld exculpatory information, see *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), the City cannot be held liable unless the Plaintiff proves that the City had a policy requiring its officers to give false information or withhold exculpatory evidence in order to obtain warrants or that its officers have engaged in such behavior so often that it has become a pervasive custom that fairly can be said to be official policy because it is known to and tacitly approved by the City's policy making body, the city counsel. See *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). Because the Plaintiff does not allege any policy or custom regarding the procurement of warrants, his complaint should be dismissed.

Not only is the Plaintiff doomed because of his failure to allege any policy concerning the procurement of warrants, his pleading of custom describes only the single incident made the basis of this suit. "Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy" as required for municipal liability. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984). To demonstrate a municipal custom, a plaintiff must at least allege a pattern of similar incidents of police misconduct. *Fraire*, 957 F.2d at 1278. Furthermore, the Plaintiff does not allege any facts that would attribute the "customs" to the city council. According to *Bennett*, "[k]nowledge of a continuing practice of city employees may be attributed to the governing body in one of two ways. Actual knowledge may be shown by such means as discussions at council meetings or receipt of written information. Constructive knowledge may be attributed to the governing body on the ground that it would have known of the violations if it had properly exercised its responsibilities, as, for example, where the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity." *Id.* at 768; see also *Webster*, 735 F.2d at 842 ("[T]hose actions must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees."). The complaint in this case fails to allege any facts that would constitute a pervasive custom or attribute such a custom to the city counsel. Thus, Plaintiff has failed to state a claim against the City.

## IV. 42 U.S.C. § 1985

To state a claim under 42 U.S.C. § 1985(3), one must allege, *inter alia*, a conspiracy motivated by racial animus. *Wong v. Stripling*, 881, F.2d 200, 202-03 (5th Cir. 1989).

Plaintiff has not and cannot make such an allegation. Therefore, his § 1985 claim must be dismissed.

## V. CONCLUSION

For the reasons stated above, Plaintiff's First Amended Original Complaint fails to state a claim upon which relief can be granted. Thus, all claims asserted by the Plaintiff against the City of Tyler should be dismissed with prejudice.

WHEREFORE, Defendant, City of Tyler, respectfully prays that Plaintiff's First Amended Original Complaint be dismissed for failure to state a claim and for such other relief to which it may be entitled.

Respectfully submitted,

POTTER MINTON
A Professional Corporation
P. O. Box 359
Tyler, TX 75710
(903) 597-8311
(903) 593-0846 Facsimile

By: /s/ Jay N. Green
Jay N. Green
State Bar No. 08356300
ATTORNEY IN CHARGE
Brad E. Seidel
State Bar No. 24008008

GARY LANDERS
State Bar No. 11863500
City Attorney
City of Tyler
212 N. Bonner
Tyler, TX 75702
(903) 531-1161
(903) 531-1281 Facsimile

ATTORNEYS FOR DEFENDANT
CITY OF TYLER

## CERTIFICATE OF CONFERENCE

Counsel for Defendant City of Tyler has conferred with counsel for Plaintiff regarding the merits of the above and foregoing motion and has not been able to reach an agreement concerning this motion. This motion is submitted to the court for ruling.

_____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant City of Tyler's Rule 12(b)(6) Motion to Dismiss has been served upon all counsel as indicated below, on this 16th day of November, 2001.

_____

| | |
|---|---|
| Mr. Jimmy M. Negem<br>NEGEM, BICKHAM & CLARK<br>440 South Vine<br>Tyler, TX 75702<br>**ATTORNEYS FOR PLAINTIFF KENNETH BRENT BARTON** | CM-RRR |
| Mr. Kevin Edward Oliver<br>COOPER & SCULLY<br>900 Jackson Street, Suite 100<br>Dallas, TX 75202-4426<br>**ATTORNEYS DEFENDANT FOR BILL YOUNG** | U.S. first-class mail |
| Mr. D. Randall Montgomery<br>Mr. Steven Thomas Ramos<br>STRASBURGER & PRICE, LLP<br>901 Main Street, Suite 4300<br>Dallas, TX 75202<br>**ATTORNEYS FOR DEFENDANTS KEN FINDLEY, GREG GRIGG, CLAYTON PERRETT, AND JOHN BROWN** | U.S. first-class mail |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KENNETH BRENT BARTON | § | |
| Plaintiff | § | |
| vs. | § | |
| | § | |
| BILL YOUNG, former City of Tyler | § | |
| Police Chief; KEN FINDLEY, former | § | CIVIL ACTION NO. 6:01cv157 |
| Assistant City of Tyler Police Chief; | § | |
| GREG GRIGG, Captain, City of Tyler | § | JUDGE WARD |
| Police Officer; CLAYTON PERRETT, | § | |
| Detective, City of Tyler Police Officer; | § | |
| JOHN BROWN, Sergeant, City of Tyler | § | |
| Police Officer; and CITY OF TYLER | § | |
| Defendants | § | |

## ORDER GRANTING DEFENDANT
## CITY OF TYLER'S RULE 12(b)(6) MOTION TO DISMISS

On this day came on to be considered Defendant City of Tyler's Rule 12(b)(6) Motion to Dismiss. After careful consideration, the Court is of the opinion that the motion should be granted. It is, therefore,

ORDERED that Plaintiff's claims against the City of Tyler are DISMISSED WITH PREJUDICE.

SIGNED this ___ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE